UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTOPHER GLAUDINO,
                               Plaintiff,

             -against-

LONG ISLAND RAILROAD COMPANY,
                              Defendant.
------------------------------------------------------------X

20 Civ. 1159 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

Defendant moves *in limine* to exclude the testimony of Plaintiff's treating physicians for failure to submit expert reports under Federal Rule of Civil Procedure 26 ("Rule 26") or, alternatively, to limit the scope of those physicians' testimony to facts learned during the course of their treatment of Plaintiff, as set forth in their treatment records ("Defendant MIL 1"). Plaintiff opposes. For the reasons set forth below, Defendant MIL 1 is granted in part.

I.     **BACKGROUND**

Plaintiff alleges that he sustained an electrical shock while power washing railroad ties near an energized third rail while employed by Defendant. Plaintiff alleges Defendant's negligence in assigning him to power wash in an area with an energized third rail violated the Federal Employers Liability Act. In October 2020, Plaintiff served his Rule 26(a)(2)(C) disclosures, which listed eight treating physicians expected to testify at trial regarding Plaintiff's medical condition, treatment and associated costs. Those disclosures contain the same general language for each physician:

> Dr. [physician] is expected to offer opinions regarding the examination of plaintiff, history taken, review of medical records, including films and tests, findings, causation, prognosis, diagnosis, recommendations, treatment, ability to work and follow-up. The provider may also testify as to the nature, extent and veracity of plaintiff's alleged injuries and his prognosis for the future, including the need for future treatment and any costs associated therewith.

Dr. [physician] is expected to testify based upon the details of all physical examinations of plaintiff, history taken, personal review of medical records and hospital records, clinics or treatment centers, professionals with expertise in the field of plaintiff's work environment and/or injuries, or any other facilities of any kind, including films and tests and treatment records from any and all of plaintiff's other treating and/or examining physicians; reports of treatment, nurses' notes, physician assistant reports and notes, therapist records and notes, records from any centers of rehabilitative medicine; records from any medical personnel connected with plaintiff's pre-accident medical care as it may relate to nature, extent and duration of the conditions and/or disability alleged in the present action. This includes a contrast agent; laboratory tests and test results, materials taken from plaintiff in the form of tissue, bone, blood, etc.; pathology reports and the significance thereof; reports and notes of consultations with other physicians and medical personnel; notes, records and reports of attending and/or assisting physicians and medical personnel; evidence of medications taken, prescribed, refused or otherwise not taken and the significance and consequences thereof, if any; records and notes of rehabilitation centers or other post incident rehabilitation measures undertaken or not undertaken by the plaintiff and the significance or lack of significance thereof; any and all other documents, films, samples, models, reports, notes, records, photographs, testimony, or anything else which may be introduced into evidence at the time of the trial of this action as normally relied upon by medical practitioners in the treatment, diagnosis, prognosis, or to form any opinion with respect to any medical condition. The preceding will apply without limitation and in the same manner regarding psychologist, social workers, therapists, and any others involved in the care, treatment, diagnosis, prognosis of any and all physical as well as emotional, psychological and or psychiatric disorders, conditions or syndromes. The provider will provide an opinion regarding plaintiff's pre-accident medical condition, plaintiff's injuries, plaintiff's present condition and future prognosis, as well as the causal relationship between the subject occurrence or occurrences, plaintiff's claimed injuries and medical treatment and expenses.

Additionally, the provider will testify based upon all of the foregoing and after consultation with the plaintiff, that plaintiff suffered from shock, anxiety, hypervigilance, PTSD and lack of sleep from an on the job on the job [sic] which prevented/prevents him from working full duty and required additional treatment, consistent with medical records previously provided; the provider may also testify as to the nature, extent and veracity of plaintiff's alleged injuries and his prognosis for the future.

At deposition, Plaintiff stated that the incident caused post-traumatic stress disorder ("PTSD"), anxiety and exacerbation of his ulcerative colitis symptoms.  Certain of the treating physicians' medical records exchanged during discovery contain references to these conditions.

## II.      STANDARD

"[T]reating physician testimony can be of three different types: (1) testimony limited to facts acquired and opinions formed during consultation; (2) testimony that also includes reliance on outside sources, such as another doctor's records or opinions or facts acquired as part of litigation; and (3) testimony where circumstances suggest the doctor was retained or specially employed to provide expert testimony." *Rodriguez v. Vill. of Port Chester*, No. 19 Civ. 4728, 2021 WL 1644226, at *6 (S.D.N.Y. Apr. 26, 2021) (internal quotation marks omitted). "Whereas the third category requires compliance with Federal Rule of Civil Procedure 26(a)(2)(B), the first requires no Rule 26 disclosure and [t]he second falls under the purview of Rule 26(a)(2)(C)." *Id.* (internal quotation marks and citations omitted) (alteration in original).

Rule 26(a)(2)(B) requires submission of an expert report.  Rule 26(a)(2)(C) requires the proponent of the treating physician testimony to disclose "(i) the subject matter on which the witness is expected to present evidence . . . ; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  In evaluating whether a disclosure meets these requirements, "courts consider whether the subject disclosure helps the opposing party and the Court understand what the physician will offer *specifically* on the subject matter for which they were disclosed, in terms of facts and medical opinions." *Rodriguez*, 2021 WL 1644226, at *7 (internal quotation marks citations omitted) (emphasis added).  The disclosure must be "sufficient to give the opposing party a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Id.* (quoting Rule 26 advisory committee notes to 1993 amendment).  "The disclosure must provide the subject matter of the physician's intended testimony, coupled with specific facts and more than bare-minimum details of opinions formed therefrom." *Id.* (internal quotation marks omitted) (collecting cases).

III.   **DISCUSSION**

Defendant, citing a single out-of-circuit case, claims that each of the treating physicians was retained or employed specifically to provide expert testimony, causing their testimony to fall under Rule 26(a)(2)(B)'s written report requirement.  Courts in this Circuit have observed that "it is unclear how courts should determine whether circumstances suggest a doctor was retained or specially employed to provide expert testimony."  *Reynolds v. Am. Airlines, Inc.*, No. 14 Civ. 2429, 2017 WL 5613115, at *6 (E.D.N.Y. Nov. 21, 2017) (internal quotation marks omitted). The Second Circuit has noted with approval cases holding that treating physicians are likely retained to provide expert testimony when they attempt to testify as to opinions formed from information learned outside the course of their treatment of the plaintiff.  *See Brutton v. United States*, 687 F. App'x 56, 58 & n.1 (2d Cir. 2017) (summary order).

It is unnecessary to resolve the question of whether the treating physicians were retained for purposes of providing expert testimony because Plaintiff's disclosures are inadequate even under the more lenient Rule 26(a)(2)(C) standard.  Plaintiff's disclosures say very little about each physicians' intended testimony, noting that the physicians will testify "that plaintiff suffered from shock, anxiety, hypervigilance, PTSD and lack of sleep from an on the job on the job [sic] which prevented/prevents him from working full duty and required additional treatment."  The disclosures make other, vaguer, disclosures of intended opinion testimony: (1) "the [physician] will provide an opinion regarding plaintiff's pre-accident medical condition, plaintiff's injuries, plaintiff's present condition and future prognosis, as well as the causal relationship between the subject occurrence or occurrences, plaintiff's claimed injuries and medical treatment and expenses" and (2) "the [physician] may also testify as to the nature, extent and veracity of plaintiff's alleged injuries and his prognosis for the future."  Read generously, these disclosures at most put Defendant on notice that the physicians will opine that Plaintiff's

alleged on the job accident caused him to suffer shock, anxiety, hypervigilance, PTSD and lack of sleep. While they state that the physicians will provide opinions on other topics, they do not specify what those opinions will be. And the disclosures say nothing about what specific facts each physician is expected to discuss in support of their proposed opinions. *See, e.g.*, *Rodriguez*, 2021 WL 1644226, at *7 (accepting disclosures containing "numerous facts derived from Plaintiff's medical records that describe Plaintiff's rendition of how he came to be injured as well as the nature of his injuries"). While disclosures pursuant to 26(a)(2)(C) are "considerably less extensive than the report required by Rule 26(a)(2)(B)" and should not contain "undue detail," Fed. R. Civ. P. 26 advisory committee's note to 2010 amend., Plaintiff's disclosures are so bare-bones as to deprive Defendant of any reasonable opportunity to prepare for cross examination or arrange for rebuttal expert testimony. *See, e.g.*, *Rodriguez*, 2021 WL 1644226, at *7 (disclosures must be coupled with "specific facts" and "more than bare-minimum details of opinions formed therefrom" (internal quotation marks omitted)).

Because Plaintiffs' disclosures do not meet the Rule 26(a)(2)(C) standard, the treating physicians' testimony are limited to "facts acquired and opinions formed during consultation" and reflected in the medical records produced to Defendant. This ensures that Defendant has notice of what those facts and opinions might be.

## IV.    CONCLUSION

For the reasons stated above, Defendant's MIL 1 is **granted in part**. For the avoidance of doubt, at trial, each treating physicians' testimony shall be limited to facts acquired and opinions formed during his or her consultations with Plaintiff as reflected in medical records produced to Defendant.

Dated:  October 12, 2021
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE